ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

NATHAN BAUMANN (01)

No. 4:25-CR-282-P

FACTUAL RESUME

PLEA: One Count Information, Providing Material Support to Terrorists, violation of 18 U.S.C. § 2339A

MAXIMUM PENALTY:

- Imprisonment not to exceed 15 years;
- A fine not to exceed $250,000 or both a fine and imprisonment;
- A supervised-release term not to exceed three years, which would follow any prison term. If the defendant violates any of the supervised-release conditions, the Court could revoke the defendant's supervised release and order the defendant to serve additional time in prison;
- A $100 mandatory special assessment;
- Forfeiture of property; and
- Restitution

ELEMENTS OF THE OFFENSE:

The essential elements that must be proved beyond a reasonable doubt to establish the offense charged are as follows:

First: The defendant provided or attempted to provide material support or resources, or concealed or disguised, or attempted to conceal or disguise, the nature, location, source, or ownership of material support or resources in the manner described in the ~~indictment~~ information; and

Second: The defendant knew or intended that the material support or resources were to be used to prepare for or carry out a violation of 18 U.S.C. §~~§ 844(f) or~~ 1361, or to carry out the concealment of an escape from the commission of 18 U.S.C. §~~§ 844(f) or~~ 1361.

STIPULATED FACTS:

Beginning on or about July 3, 2025, and continuing until on or about July 4, 2025, in the Northern District of Texas, Baumann planned with others to provide resources and personnel, including himself, knowing and intending that they would be used to carry out acts of terrorism, that is, violations of 18 U.S.C. §~~§ 844(f) or~~ 1361, against the Prairieland Detention Center (Prairieland), located in Alvarado, Texas, which the U.S. Department of Homeland Security and U.S. Immigration and Customs Enforcement (I.C.E.) were using to house illegal aliens awaiting deportation. The acts of terrorism were calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct.

Baumann ~~and the~~ others who participated in the acts against Prairieland adhered to an Antifa, revolutionary anarchist or autonomous Marxist ideology that is anti-law enforcement, anti-immigration enforcement, and calls for the overthrow of the United States Government, law enforcement authorities, and the system of law. Antifa is a militant enterprise that advocates insurrection and violence to affect the policy and conduct of the U.S. government by intimidation and coercion. In line with his Antifa ideology, on or about July 3 and July 4, Baumann, along with others, participated in the planning of the "direct action" against Prairieland set for the night of July 4, to influence and affect the conduct of the government by intimidation and coercion, and to retaliate against government conduct relating to the detention and deportation of illegal aliens.

Baumann, with the others, agreed to dress in "black bloc" to conceal their identities from law enforcement and provide cover for each other to commit the above enumerated crimes without being identified. That is, Baumann knew that he and the others dressing similarly and anonymously made it more difficult for police to identify those who were engaging in illegal conduct, including concealing the escape of those who committed violations of 18 U.S.C. §~~§ 844(f) or~~ 1361. Baumann knew and intended to provide himself for that purpose.

~~When~~ Baumann arrived at Prairieland, he ~~was~~ aware that others had brought firearms, handheld radios for communication, Kevlar or ballistic vests, and IFAKs. Baumann, with the others, shot fireworks at the facility, wilfully disregarding the likelihood that damage to property would result, while others stood nearby wearing black bloc. Baumann also spray-painted offensive and pejorative graffiti on a Prairieland guard shack and employees' cars parked in the Prairieland parking lot. Baumann was joined by

Zachary Evetts who damaged both a Prairieland surveillance camera and a government van. Baumann stipulates that the damage to government property exceeded $1,000.

Baumann was aware that throughout the July 4 "direct action," one armed participant stood watch about 200 meters away from the main group. Baumann believed this participant's role was to alert them of any police response. As Baumann was fleeing from Prairieland Correctional Officers, an Alvarado (APD) Police Officer responded to the scene. Baumann continued to flee even as the APD Officer ordered Baumann to stop, ~~running toward the armed participant.~~ The armed participant then opened fire on the APD officer and the Prairieland Correctional Officers, allowing Baumann to continue to flee apprehension and attempt to escape.

Baumann was apprehended about a half mile away from the facility as he tried to escape on foot.

SIGNED this 12 day of November, 2025.

NATHAN BAUMANN
Defendant

BEN FLOREY JR.
Counsel for Defendant