# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: 4:25-CR-00282-P(01)<br>U.S. Marshal's No.: 11140-512 |
| NATHAN BAUMANN | Shawn Smith, Frank Gatto, Assistant U.S. Attorneys<br>Ben Florey, Jr., Robert Leahey, II, Attorneys for the Defendant |

On November 19, 2025 the defendant, NATHAN BAUMANN, entered a plea of guilty as to Count One of the Information filed on November 13, 2025.  Accordingly, the defendant is adjudged guilty of such Count, which involves the following offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2339A | Providing Material Support to Terrorists | 07/04/2025 | One |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100.00 as to Count One of the Information filed on November 13, 2025.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed July 1, 2026.

MARK T. PITTMAN
U.S. DISTRICT JUDGE

Signed July 1, 2026.

Judgment in a Criminal Case                                                    Page **2** of **5**
Defendant:  NATHAN BAUMANN
Case Number:  4:25-CR-00282-P(1)

## IMPRISONMENT

The defendant, NATHAN BAUMANN, is hereby committed to the custody of the Federal Bureau of Prisons (BOP) to be imprisoned for a term of **TWENTY-TWO (22) MONTHS** as to Count One of the Information filed on November 13, 2025. This sentence shall run concurrently with any future sentence which may be imposed in DC-F202500877, filed in the 413th Judicial District Court, Johnson County.

The Court recommends that the defendant be housed as close to the Bryan, Texas area as possible, specifically FCI Bastrop or FCI Seagoville. The Court further recommends to the Bureau of Prisons that the defendant be allowed to participate in the Inmate Financial Responsibility Program and the Mental Health Program, if eligible.

The defendant is remanded to the custody of the United States Marshal.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **ONE (1) YEAR** as to Count One of the Information filed on November 13, 2025.

While on supervised release, in compliance with the standard conditions of supervision adopted by the United States Sentencing Commission, the defendant shall:

1) The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame;

2) After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed;

3) The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer;

4) The defendant shall answer truthfully the questions asked by the probation officer;

5) The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change;

6) The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observed in plain view;

Judgment in a Criminal Case
Defendant:  NATHAN BAUMANN
Case Number:  4:25-CR-00282-P(1)

Page **3** of **5**

7) The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her employment (such as the position or the job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change;

8) The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer;

9) If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours;

10) The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed , or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers);

11) The defendant shall not act or make an agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court;

12) If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk; and,

13) The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

In addition the defendant shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

cooperate in the collection of DNA as directed by the U.S. probation officer;

refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court;

Judgment in a Criminal Case                                                                 Page **4** of **5**
Defendant:  NATHAN BAUMANN
Case Number:  4:25-CR-00282-P(1)

make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664;

pay the assessment imposed in accordance with 18 U.S.C. § 3013;

participate in outpatient mental health treatment services as directed by the probation officer until successfully discharged, which services may include prescribed medications by a licensed physician, with the defendant contributing to the costs of services rendered (copayment) at a rate of at least $25 per month; and,

take notice that if upon commencement of the term of supervised release, any part of the $4,408.95 restitution ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid balance in monthly installments of not less than 10 percent of the defendant's gross monthly income, or at a rate of not less than $100 per month, whichever is greater. Payment shall begin no later than 60 days after the defendant's release from confinement and shall continue each month thereafter until the balance is paid in full. Any unpaid balance of the restitution ordered by this judgment shall be paid in full 60 days prior to the termination of the term of supervised release. In addition, at least 50 percent of the receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money shall be paid toward the unpaid balance within 15 days of receipt. This payment plan shall not affect the ability of the United States to immediately collect payment in full through garnishment, the Treasury Offset Program, the Inmate Financial Responsibility Program, the Federal Debt Collection Procedures Act of 1990 or any other means available under federal or state law. Furthermore, it is ordered that interest on the unpaid balance is waived pursuant to 18 U.S.C. § 3612(f)(3).

### FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

The defendant is ordered to make restitution, jointly and severally with co-defendant Joy Gibson (02) and co-conspirator Seth Sikes in Case No. 4:25-CR-272-P in the amount of $4,408.95. Restitution shall be paid to the U.S. District Clerk, 501 West 10th Street, Room 310, Fort Worth, TX 76102-3673, for disbursement to:

Prairieland Detention Center
Alvarado, Texas

Restitution is due and payable immediately, but if, upon commencement of the term of supervised release, any part of the $4,408.95 restitution ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid balance at the rate of at least $100 per month, the first such payment to be made no later than 60 days after the defendant's release from confinement and another payment to be made on the same day of each month thereafter until the restitution is paid in full.

Judgment in a Criminal Case                                                 Page **5** of **5**
Defendant:  NATHAN BAUMANN
Case Number:  4:25-CR-00282-P(1)

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

BY _____
Deputy Marshal